**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **WALTER ALFREDO FERNANDEZ PACHECO,** | |
| **Petitioner,** | **CIVIL ACTION NO.  26-3198** |
| **v.** | |
| **JOHN RIFE,** *et al.***,** | |
| **Respondents.** | |

<u>**MEMORANDUM OPINION**</u>

**Rufe, J.**                                                                                              **May 15, 2026**

Petitioner Walter Alfredo Fernandez Pacheco is yet another individual detained by

Immigration and Customs Enforcement ("ICE") pursuant to the government's newfound

interpretation of Section 235 of the Immigration and Nationality Act ("INA"), codified at 8

U.S.C. § 1225. Fernandez Pacheco promptly filed a 28 U.S.C. § 2241 petition, in which he

argues that detention without a bond hearing is unlawful and denies him due process.[1] Because

of Fernandez Pacheco's established presence in the United States, the Court concludes that he is

subject to detention, if at all, under 8 U.S.C. § 1226(a) and entitled to a bond hearing. Consistent

with hundreds of other rulings in this District,[2] Fernandez Pacheco's petition will be granted.

---

[1] Petition [Doc. No. 1].

[2] *See, e.g.*, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (noting that, as of November 18, 2025, 282 of 288 district court decisions had found that the application of § 1225(b)(2) to noncitizens residing in the United States is unlawful); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025)*; Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025)*; Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025)*; Patel v. McShane*, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025)*; Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025); *Yilmaz v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025); *Conde v. Jamison*, No. 25-6551, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025); *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025). Since then, numerous additional decisions have ruled against the government. *See, e.g.*, *Kanaut v. Rose*, No. 25-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026); *Francois v. Noem*, No. 25-7334, 2026 WL 27565 (E.D. Pa. Jan. 5, 2026); *Lara Cordon v. Jamison*, No.

## I.    BACKGROUND

Fernandez Pacheco is a native of Guatemala who arrived in the United States without inspection in 2019.[3] Prior to his detention, Fernandez Pacheco had filed a Form I-589 Application for Asylum and was awaiting an immigration hearing in that matter.[4] In July 2025, he was arrested and charged with retail theft, but he completed eight hours of community service and the charges were apparently dismissed without a final disposition.[5] On May 7, 2026, United States Border Patrol Agents detained Fernandez Pacheco while he was commuting to work.[6] He is currently held at the Philadelphia Federal Detention Center ("FDC") and has not received a bond hearing.[7] Fernandez Pacheco's detention results from Respondents' new interpretation of 8 U.S.C. § 1225(b)(2)(A), whereby they classify individuals who have been long-present in the United States without lawful status as "applicant[s] for admission" who are subject to detention without a bond hearing.[8]

On May 11, 2026, Fernandez Pacheco petitioned for a writ of habeas corpus under 28 U.S.C. § 2241.[9] Consistent with its established practice for recent cases involving individuals detained by ICE under 8 U.S.C. § 1225(b)(2)(A), this Court ordered the government to show

---

25-6937, 2025 WL 3756948 (E.D. Pa. Dec. 29, 2025); *Kumar v. McShane*, No. 25-6238, 2025 WL 3722005 (E.D. Pa. Dec. 23, 2025); *Alekseev v. Warden, Phila. Fed. Det. Ctr.*, No. 26-0462, 2026 WL 413439, at *1 (E.D. Pa. Feb. 13, 2026) (identifying that all 201 decisions in this District have rejected the government's position). Among this District's most recent decisions are *Izara-Juarez v. Jamison*, No. 26-2817, 2026 WL 1244685 (E.D. Pa. May 6, 2026); *Juarez Rodriguez v. Jamison*, No. 26-2955, 2026 WL 1242749 (E.D. Pa. May 6, 2026); and *Osuna-Alfonzo v. Jamison*, No. 26-3007, 2026 WL 1244684 (E.D. Pa. May 6, 2026).

[3] Pet. ¶¶ 1, 23 [Doc. No. 1].

[4] *Id.* ¶¶ 2, 25.

[5] Gov. Opp'n, Ex. A at 2-3 [Doc. No. 3-1].

[6] *Id.* at 2; Pet. ¶¶ 3, 24 [Doc. No. 1].

[7] *Id.* ¶¶ 3, 5; Pet., Ex. A [Doc. No. 1-3].

[8] *See* Gov. Opp'n at 3 [Doc. No. 3]; 8 U.S.C. § 1225(b)(2)(A).

[9] Pet. [Doc. No. 1].

cause why Fernandez Pacheco's petition should not be granted.[10] It also scheduled a show cause hearing.[11] By stipulation of the parties, the Court cancelled the show cause hearing and resolved to decide the case on the papers, as the parties requested.[12]

## II.   LEGAL STANDARD

Federal district courts are authorized to grant a § 2241 motion where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States."[13] It is the petitioner's burden to show that the detention violates the Constitution or federal law.[14]

## III.   DISCUSSION

As a preliminary matter, although the Petition's causes of action are styled in terms of due process violations,[15] the Court deems the Petition to also challenge the government's reliance on 8 U.S.C. § 1225, instead of § 1226, as a basis for employing mandatory detention without a bond hearing. Indeed, the subheadings for the two counts state, respectively, "Unlawful Detention and Arrest" and "Failure to Provide Bond Hearing Under 8 U.S.C. § 1226(a)."[16] And both Fernandez Pacheco and the government identify § 1225 as the government's purported source of authority for this detention.[17] The Court will therefore consider the applicability of 8 U.S.C. § 1225(b)(2) separately from Fernandez Pacheco's due process arguments.

---

[10] 5/12/26 Order [Doc. No. 2].

[11] *Id.*

[12] 5/14/26 Stipulation and Order [Doc. No. 6].

[13] 28 U.S.C. § 2241(c)(3).

[14] *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

[15] Pet. at 13-14 [Doc. No. 1].

[16] *Id.*

[17] *E.g., id.* ¶ 7; Gov. Opp'n at 2-3 [Doc. No. 3].

As the government notes, courts in this District have repeatedly confronted the question of whether the mandatory detention provided for in § 1225(b)(2) extends to noncitizens like Fernandez Pacheco who, despite not being admitted or paroled, have an established presence in the United States.[18] Overwhelmingly, the decisions rendered in this District have rejected Respondents' position and found that § 1225(b)(2) does not cover noncitizens who are firmly established in the country.[19] Even so, "[t]his Court considers each case on an *ad hoc* basis, and its rulings turn on the facts of each case at issue."[20]

8 U.S.C. § 1225(b)(2)(A) provides as follows:

**(2)     Inspection of other aliens**

**(A)     In general**

Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

In urging this Court to diverge from its interpretation of § 1225(b)(2)(A) in prior decisions, Respondents cite the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*[21] and the Eighth Circuit's decision in *Avila v. Bondi*.[22] They emphasize that, in those cases, the courts held that "seeking admission" was not a separate requirement from the condition that the individual be an "applicant for admission."[23]

---

[18] *See* Gov. Opp'n at 2 [Doc. No. 3].

[19] *See supra* n.1.

[20] *Diallo v. Bondi*, No. 25-7421, 2026 WL 36534, at *2 (E.D. Pa. Jan. 6, 2026).

[21] 166 F.4th 494 (5th Cir. 2026).

[22] 170 F.4th 1128 (8th Cir. 2026).

[23] Gov. Opp'n at 3, 5-6 [Doc. No. 3].

The Court need not defer to, and indeed rejects, the reasoning of *Buenrostro-Mendez* and *Avila*. The term "seeking admission," by its plain meaning, connotes present, ongoing action.[24] "Because some affirmative, present action is required, this phrase cannot apply to all noncitizens already residing in the United States."[25] An "applicant for admission" who is "seeking admission" must therefore be a noncitizen at a port of entry seeking to cross into the United States.[26] Respondents' reading would render the term "seeking admission" entirely superfluous.[27] Their reading would also clash with past agency practice and the canon of constitutional avoidance.[28] Thus, as Fernandez Pacheco correctly observes, the detention of noncitizens in situations like his is governed not by § 1225 but by § 1226(a) and corresponding regulations, which entitle noncitizens to a bond hearing before continued detention is permitted.[29]

Congress's amendment of § 1226 in the Laken Riley Act underscores this point. There, Congress adopted provisions demanding that a noncitizen be detained without a bond hearing if he enters the country illegally and is convicted or charged with certain kinds of crimes.[30] This

---

[24] *See Kashranov*, 2025 WL 3188399, at *6 (" '[S]eeking admission' describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization.").

[25] *Centeno Ibarra*, 2025 WL 3294726, at *5.

[26] *See Yilmaz*, 2025 WL 3459484, at *3; *Centeno Ibarra*, 2025 WL 3294726, at *5.

[27] *See Ndiaye*, 2025 WL 3229307, at *5 (determining that since Congress's " 'choice of words is presumed to be deliberate and deserving of judicial respect,' this Court must give meaning to the words 'an alien seeking admission.' " (quoting *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 364 (2018)).

[28] *See id.* at *6 (noting that, since 1997, the DHS had applied § 1226(a) to inadmissible noncitizens residing in the United States); *id.* at *7 (an interpretation of § 1225 allowing for the mandatory detention of noncitizens who have long been present in the country would implicate constitutional questions of due process).

[29] *See Yilmaz*, 2025 WL 3459484, at *3; *see also Centeno Ibarra*, 2025 WL 3294726, at *4-7; 8 C.F.R. § 1236.1(c)(8), (d)(1) (stating that bond is available to noncitizens detained under § 1226(a) and that "the immigration judge is authorized to exercise the authority . . . to detain the [noncitizen] in custody, release the [noncitizen], and determine the amount of bond"); *Jorge-Peralta v. Jamison*, No. 26-1775, 2026 WL 1047057, at *4 (E.D. Pa. Apr. 17, 2026) ("[Petitioner's] detention is instead governed by § 1226 because he is a '[noncitizen] already present in the United States.' " (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)).

[30] Laken Riley Act, Pub. L. No. 119-1, § 2, 139 Stat. 3, 3 (2025); 8 U.S.C. § 1226(c)(1)(E) (requiring mandatory detention of inadmissible noncitizens who have been charged with or convicted of certain crimes including burglary, theft, and larceny).

amendment would be meaningless if, as Respondents suggest, § 1225 authorized detention without a bond hearing irrespective of such criminal matters. Other provisions of § 1226 that reserve mandatory detention for when a noncitizen engages in criminal activity would likewise be superfluous on Respondents' reading. These considerations amplify following decisions in the Second, Sixth, and Eleventh Circuits that adopted the interpretation that Fernandez Pacheco advances.[31]

To summarize, Fernandez Pacheco may be detained under the INA only if, pursuant to § 1226(a) and the applicable regulations, he receives a bond hearing and the facts show that he poses a risk of flight or harm to the community.[32] The government offers a Department of Homeland Security I-213 form, with a section labeled "Criminal History," and appears to imply that he poses a risk due to his arrest and charges for retail theft in July 2025.[33] This isolated matter was summarily resolved by Fernandez Pacheco's completion of eight hours of community service, so it does not create a presumption that he is dangerous. Fernandez Pacheco was also employed when he was detained and has not had further criminal involvement.[34] The Court thus finds he does not present a risk of community endangerment. As a result, a bond hearing is unnecessary, and the Court will order Fernandez Pacheco's immediate release.[35]

---

[31] *See Barbosa da Cunha v. Freden*, No. 25-3141-pr, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026).

[32] *See Yilmaz*, 2025 WL 3459484, at *3; *Centeno Ibarra*, 2025 WL 3294726, at *4, *8 n.69; 8 C.F.R. § 1236.1(c)(8), (d)(1).

[33] Gov. Opp'n, Ex. A at 2-3 [Doc. No. 3-1].

[34] *See id.* at 3; Pet. ¶ 24 [Doc. No. 1].

[35] *See Karshranov*, 2025 WL 3188399, at *8 ("[A] habeas court has 'the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.'" (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))).

Because Fernandez Pacheco's detention without a bond hearing violates the INA, the Court need not reach his due process arguments.

## IV.    CONCLUSION

For the foregoing reasons, Respondents were not authorized to mandatorily detain Fernandez Pacheco without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). The Court will grant his petition and order his immediate release. An order will follow.